UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER GRAVES,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES MARSHALL OFFICE, et al.,<br><br>        Defendants. | No.  2:15-cv-1135-WBS-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1]  His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed below, plaintiff's complaint fails to state a claim and must be dismissed.

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

      Plaintiff's 23 page complaint consists largely of vague allegations and legal conclusions.  Boiled down to its core, the complaint alleges that on September 23, 2014, plaintiff went to the courthouse for the United States District Court for the Eastern District of California to check the status of a case.  ECF No. 1 at 5.  When he entered the courthouse, he was allegedly racially profiled by United States Marshal Deputies Richardson and Pronechen.  *Id*.  Plaintiff claims that the deputies misrepresented that he had harassed a federal judge in order to have "an Officer . . . issue a warrant without probable cause . . ."  *Id*.  Plaintiff was arrested, issued a citation for trespass, and removed from the premises.  *Id* at 5-9, 32.  He appears to claim that his arrest was improper because "the statement of probable cause was not signed by a judge."  *Id*. at 9.  He further claims that his constitutional rights were violated because (1) his arrest precluded him from appealing a case he filed in this district and (2) "the US Marshall office attempted to convert [his] constitutional rights [into] a privilege[,] not a right . . . ."  *Id*. at 8.  The complaint also states that plaintiff holds defendant Eric Holder, the former Attorney General of the United States, responsible for the violations of plaintiff's civil rights.  *Id*. at 6.  Plaintiff also names Stacia Hylton, the former director of the United States Marshals Service, as a defendant, but makes no allegation against this defendant.

      Appended to the complaint is a United States District Court Violation Notice.  The notice indicates that plaintiff was prohibited from entering the courthouse by the Marshal Service due to "repeated inappropriate communications" with a federal judge.  *Id*. at 32.  It further states that plaintiff "was not cooperating with any instructions and was detained."  *Id*.

      The complaint purports to asserts claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1986. Section 1981 provides that all persons "shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, [and] give evidence . . . as is enjoyed

3

by white citizens. 42 U.S.C. § 1981. Section 1981 "creates a cause of action only for those discriminated against on account of their race or ethnicity." *Johnson v. Riverside Healthcare System*, LP, 534 F.3d 1116, 1123 (9th Cir. 2008); *see White v. Wash. Pub. Power Supply Sys.*, 692 F.2d 1286, 1290 (9th Cir. 1982) (holding that it is "well settled that section 1981 only redresses discrimination based on plaintiff's race") The complaint only contains general references and does not provide any factual allegations demonstrating that plaintiff was subjected to racial discrimination. His vague and conclusory allegations are insufficient to demonstrate that plaintiff was denied any right on account of race. *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474-75 (2006) (internal quotations omitted). Accordingly, plaintiff fails to state a section 1981 claim.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's complaint only identifies federal employees as defendants, and does not purport to allege any claims against state actors. Accordingly, plaintiff fails to state a claim under § 1983. Thus, he also fails to allege a section 1983 claim.

The complaint also references 42 U.S.C. § 1985. Section 1985(3) creates a civil action for damages caused by two or more persons who "conspire . . . for the purpose of depriving" the injured person of "the equal protection of the laws, or of equal privileges and immunities under the laws" and take or cause to be taken "any act in furtherance of the object of such conspiracy." 42 U.S.C. § 1985(3); *see also* § 1985(1) (creating a civil action for preventing an officer from performing his or her duties); § 1985(2) (creating a civil action for obstructing justice or intimidating a party, witness, or juror). The elements of a § 1985(3) claim are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000) (citing *Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir. 1998)). The first element requires that there be some racial or otherwise class-based "invidious discriminatory animus" for the conspiracy. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268-69,

1  (1993); *Trerice v. Pedersen*, 769 F.2d 1398, 1402 (9th Cir.1985).  Moreover, a plaintiff cannot

2  state a conspiracy claim under § 1985 in the absence of a claim for deprivation of rights under 42

3  U.S.C. § 1983.  *See Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir.1989) (holding that

4  "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim

5  predicated on the same allegations"), *cert. denied*, 493 U.S. 817 (1989).  As discussed above,

6  plaintiff cannot allege a section 1983 claim against the named defendants.  He also fails to allege

7  facts establishing racial discrimination.  Accordingly, he also fails to allege a section 1985 claim.

8  Consequently, he also fails to state a claim under § 1986.  *See Trerice v. Pedersen*, 769 F.2d

9  1398, 1403 (9th Cir. 1985) (absent a valid claim for relief under section 1985 , there is no cause

10 of action under § 1986).

11    The complaint also makes several references to the Whistleblower Protection Act

12 ("WPA").  ECF No. 1 at 13-14.  The complaint, however, is devoid of any allegations that

13 remotely implicate the WPA.  *See Coons v. Secretary of U.S. Dept. of Treasury*, 383 F.2d 879,

14 (9th Cir. 2016) (to state a WPA claim the plaintiff must allege that an acting official used his

15 authority to take, or refuse to take, a personnel action against an employee because the employee

16 made a protected disclosure).  Accordingly, plaintiff fails to state a claim for relief.

17    Finally, the court notes that the instant case is simply one of several actions that plaintiff

18 has filed in this district, the vast majority of which have been dismissed as either frivolous or for

19 failure to state a claim.  *See Graves v. Holder*, No. 2:10-cv-02970 WBS EFB PS (E.D. Cal.);

20 *Graves v. Berrien*, No. 2:10-cv-03015 MCE EFB PS (E.D. Cal.); *Graves v. Clinton*, No. 2:10-cv-

21 03106 JAM DAD PS (E.D. Cal.) (closed); *Graves v. Clinton*, No. 2:10-cv-03128 JAM KJN PS

22 (E.D. Cal.); *Graves v. Clinton*, No. 2:10-cv-03156 MCE KJN PS (E.D. Cal.); *Graves v. Donahoe*,

23 No. 2:11-cv-00329 MCE EFB PS (E.D. Cal.); *Graves v. Visek*, No. 2:11-cv-00367 JAM GGH PS

24 (E.D. Cal.) (closed); *Graves v. Sebelius*, No. 2:11-cv-00453 MCE EFB PS (E.D. Cal.); *Graves v.*

25 *Dept' of Health & Human Servs.*, No. 2:11-cv-01077 JAM GGH PS (E.D. Cal.); *Graves v. Sutter*

26 *Bd. Of Directors*, No. 2:11-cv-01078 JAM CMK PS (E.D. Cal.); *Graves v. Sutter Bd. Of*

27 *Directors*, No. 2:11-cv-01119 KJM KJN PS (E.D. Cal.); *Graves v. U.S. Dep't of Health &*

28 *Human Servs.*, No. 2:11-cv-01120 KJM KJN PS (E.D. Cal.); *Graves v. UC Davis*, No. 2:11-cv-

01164 KJM KJN PS (E.D. Cal.); *Graves v. Mendez*, 2:11-cv-01316 KJM EFB PS (E.D. Cal.); Graves v. Johnson, No. 2:11-cv-01851 GEB GGH PS (E.D. Cal.); *Graves v. Experien*, No. 2:11-cv-01943 GEB JFM PS (E.D. Cal.); *Graves v. Experien*, No. 2:11-cv-01977 GEB JFM PS (E.D. Cal.); *Graves v. Experien*, No. 2:11-cv-01988 GEB JFM PS (E.D. Cal.); and *Graves v. The Big 3 Credit Agencies*, No. 2:11-cv-02024 MCE GGH PS (E.D. Cal.); *Graves v. U.C. Davis*, 2:13-cv-26 MCE GGH PS (E.D. Cal.); *Graves v. Cosumnes River College*, No. 2:14-cv-765 JAM AC PS (E.D. Cal.); *Graves v. Jones*, No. 2:14-cv-1476 TLN DAD PS (E.D. Cal.); *Graves v. Jones*, 2:14-cv-1477 MCE AC PS (E.D. Cal.). In light of the deficiencies in the complaint, as well as plaintiff's history of filling frivolous and/or deficient complaints, the court finds that granting leave to amend would be futile. Accordingly, it is recommended that the complaint be dismissed without leave to amend. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, it is hereby ORDERED that plaintiff's request to proceed in forma pauperis, ECF No. 3, is granted.

Further, it is RECOMMENDED that plaintiff's complaint be dismissed without leave to amend and the Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 31, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE